## MRS. T. M. BLAKELEY v. J. C. WIMBERLEY.

### (No. 2891.)

APPEAL from Fort Bend County. Opinion by WILLSON, J.

PEARSON & BALLOU and J. D. BRYANT, counsel for appellant.

No counsel appeared for appellee.

§ 64. *Verified account; verification must be made at time of bringing suit, etc.; case stated.* Appellee sued appellant in justice's court upon an account for lumber amounting to $188.20, and in said court judgment was rendered for appellant. On appeal by appellee to the county court, and on a trial *de novo* without a jury, appellee recovered judgment for the amount of said account and interest. In the county court, and immediately before the trial, appellee verified his said account under article 2266, Revised Statutes, and, over objections of

appellant, said verified account was read, received and treated as evidence in the cause, the judge holding that it constituted *prima facie* evidence, and that appellant, not having filed any counter-affidavit denying that said account was just or true, could not be permitted to deny the same. We are of the opinion that, under the facts as presented by appellant's bill of exception, the ruling and judgment of the court are erroneous. We do not think that the verification of the account at the time and in the manner stated entitled it to be treated and considered as evidence. We think the statute contemplates that the account shall be verified at the time it is sued upon to entitle it to be so considered, or at least that it be verified, by way of amendment, within a reasonable time before the trial. Appellant alleges matters which constitute a meritorious defense, and has been denied, improperly, we think, the right of establishing such defense.

March 15, 1890.             Reversed and remanded.